UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON CLARK                                        CIVIL NO. 10-1135

VERSUS

DOW CHEMICAL COMPANY                                 SECTION: G

## ORDER AND REASONS

Having reviewed the record and the applicable law, the Court finds that it lacks subject matter jurisdiction over Intervenors', St. Charles Parish Council and Parish Government Risk Management Agency Group Self-Insurance Fund, claims. For the reasons set forth below, the Court will dismiss without prejudice the claims of Intervenors from this lawsuit.

## I. Background

Plaintiff Shannon Clark ("Plaintiff") filed this action against Defendants Dow Chemical Company and Hexion Specialty Chemicals, Inc. (collectively, "Defendants") on April 19, 2010, asserting claims for personal injury arising out of an alleged chemical leak at Defendants' facility that resulted in the release of titanium tetrachloride and other chemicals into the air.[1] Subject matter jurisdiction was asserted solely on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.[2] Plaintiff asserts that she sustained the alleged injury while working for St. Charles Parish

---

[1] Rec. Doc. 1.

[2] *Id.*

1

Council in her capacity as a laborer cutting grass and weed-eating near the chemical facility.[3] Following the alleged exposure, Plaintiff was seen by medical professionals, diagnosed with chemical inhalation injuries, and was prevented from returning to work for a brief period of time.[4]

On June 24, 2010, St. Charles Parish Council and its insurance administrator, Parish Government Risk Management Agency Group Self-Insurance Fund (collectively, "Intervenors"), filed an ex parte motion seeking to intervene, asserting claims for expenses incurred due to their "obligat[ion] to supply Clark with Louisiana workers' compensation indemnity and medical benefits" for Plaintiff's alleged injuries.[5] In their motion to intervene, Intervenors incorrectly cited Federal Rule of Civil Procedure 15 as authority for intervention[6] and specified no basis for jurisdiction over their claims.[7] The presiding judge at the time, Judge Ivan L.R. Lemelle, Section "B" of this Court, granted the motion for leave to file the intervenor complaint on June 29, 2010.[8] Intervenors then filed their complaint against Plaintiff and Defendants on June 29, 2010.[9] In their intervenor complaint, Intervenors alleged that they were entitled to recover workers' compensation benefits provided to Plaintiff in accordance with La. R.S. § 23:1103, but Intervenors did not specify a specific amount in controversy regarding past benefits provided or future benefits that might be

---

[3] Rec. Doc. 62 at ¶ 6(a).

[4] *Id.*

[5] Rec. Doc. 5-2 at ¶ 14.

[6] Rec. Doc. 5. Federal Rule of Civil Procedure 15 provides for amending or supplementing pleadings, not for intervening.

[7] Rec. Doc. 5.

[8] Rec. Doc. 6.

[9] Rec. Doc. 7.

owed.[10]

Since Intervenors' complaint was filed, some parties have been terminated and others added. The remaining defendants to this suit are now Dow Chemical Company and Union Carbide Corporation. More importantly, however, on October 7, 2011, this case was transferred from Judge Lemelle to Section "G" of this Court.[11] This case is set for trial on March 26, 2012, and the parties submitted their Joint Proposed Pretrial Order on March 5, 2012.[12] In the proposed pretrial order, Intervenors assert the value of their claims as $4,169.09 for indemnity benefits and $6,916.37 in medical benefits paid to Plaintiff.

## II. Law and Analysis

It is often stated that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree."[13] Therefore, "[u]nless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have authority to issue orders regarding its resolution."[14] Subject matter jurisdiction is, accordingly, a preliminary question that "goes to the core of the court's power to act."[15] An absence of subject matter jurisdiction can be raised at any time, even upon appeal,[16]

---

[10] *Id.* at ¶ 15.

[11] Rec. Doc. 32.

[12] Rec. Doc. 62.

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (internal citations omitted).

[14] *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[15] *Id.*

[16] *McCloy v. Silverthorne (In re McCloy)*, 296 F.3d 370, 373 (5th Cir. 2002).

and may be raised by any party or *sua sponte* by the court.[17] In fact, the court is "duty-bound" to examine subject matter jurisdiction.[18] A federal court is without authority if it lacks subject matter jurisdiction, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction."[19] The party asserting jurisdiction bears the burden to demonstrate that subject matter jurisdiction exists,[20] and a lack of subject matter jurisdiction cannot be waived.[21]

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[22] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[23] The burden of proof

---

[17] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment").

[18] *Union Planters*, 369 F.3d at 460 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Weekly v. Morrow*, 204 F.3d 613, 615 & n. 6 (5th Cir. 2000)); *see also*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). *See also, Arena v. Graybar Elec. Co.*, 2012 U.S. App. LEXIS 1341 (5th Cir. Jan. 25, 2012) ("Precedent puts a great responsibility on all federal courts to consider reasonable challenges to jurisdiction before reaching the merits of litigants' substantive claims.").

[19] *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799).

[20] *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). *See also, Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[21] *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990) (stating that the law is "well settled that the parties cannot waive a want of subject matter jurisdiction") (citing *Sosna v. Iowa*, 419 U.S. 393 (1975) (disallowing waiver by express agreement); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951) (disallowing waiver by estoppel); *Mitchell v. Maurer*, 293 U.S. 237 (1934) (disallowing waiver by silent acquiescence); *Amco Constr. Co. v. Miss. State Building Comm'n*, 602 F.2d 730 (5th Cir.1979) (disallowing waiver by estoppel)).

[22] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[23] *Id.* at 1398-99.

remains on the party asserting jurisdiction,[24] and jurisdiction must be apparent on the face of the complaint.[25] The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them,"[26] and so a petitioner in intervention must assert the basis for subject matter jurisdiction over its claims.[27] A motion to intervene requires an independent basis for subject matter jurisdiction, which can be federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[28]

Although supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[29] this broad grant is not unlimited.[30] Subsection (b) provides that in an action brought under 28 U.S.C. § 1332, that is, an action based solely on diversity, "the district courts shall not have supplemental jurisdiction under subsection (a)" over various types of intervenor claims "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[31]

Therefore, in a diversity action, as here, petitioners must independently meet the appropriate

---

[24] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[25] *See, e.g., MacKenzie v. Local 624, Int'l Union of Operating Eng'rs*, 472 F.Supp. 1025, 1030 (5th Cir. 1979); *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). *See also, Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[26] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[27] *See, e.g.,* Moore's Federal Practice § 24.22 (3d ed.1990.)

[28] *See, e.g., Sunpoint Securities, Inc. v. Porta*, 192 F.R.D. 716 (M.D.Fla. 2000).

[29] 28 U.S.C. § 1367(a).

[30] *Id.* ("Except as provided in subsections (b) and (c) . . . .").

[31] 28 U.S.C. § 1367(b).

5

jurisdictional requirements in order to intervene.[32] In a diversity action, either a lack of complete diversity arising from the presence of the intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction.[33] Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement.[34] It is of no consequence that it might be more logical or more convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[35]

Here, Intervenors have not demonstrated that an independent basis for jurisdiction exists. This case is based solely on diversity jurisdiction, as no federal question has been alleged. Intervenors have neither alleged complete diversity of citizenship, nor do the claims that they allege meet the necessary amount in controversy. Therefore, under 28 U.S.C. § 1367(b), supplemental jurisdiction is also lacking. Although the Court is sympathetic to the fact that Intervenors have long been in this suit, this does not change the fact that jurisdiction is lacking here. The Court also notes that it is better to find a lack of jurisdiction now, rather than after trial or on appeal. Subject matter jurisdiction has not been properly alleged in Intervenors' complaint, and, therefore, Intervenors' claims must be dismissed.

---

[32] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

[33] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

[34] *Id.* at 389.

[35] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

## III. Conclusion

For the reasons set forth above, Intervenors have failed to meet their burden as the party asserting jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that the claims of Intervenors are **DISMISSED WITHOUT PREJUDICE**, such that Intervenors may refile their claims if they can properly assert an independent basis of jurisdiction.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of March, 2012.

        **NANNETTE JOLIVETTE BROWN**
        **UNITED STATES DISTRICT JUDGE**